KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant U.S. Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR2103-JM |
|---|---|
| Plaintiff, | ) Date: July 25, 2008<br>) Time: 11:00 a.m. |
| v. | ) GOVERNMENT'S RESPONSE AND |
| ALEJANDRO ALFARO-VASQUEZ, | ) OPPOSITION TO DEFENDANT'S MOTIONS<br>) TO: |
| Defendant. | ) (1) PRODUCE DISCOVERY; AND<br>) (2) GRANT LEAVE TO FILE FURTHER MOTIONS |
|  | ) TOGETHER WITH STATEMENT OF FACTS,<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES AND |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and A. Dale Blankenship, Assistant U.S. Attorney, hereby files its Response and Opposition to the motions filed on behalf of ALEJANDRO ALFARO-VASQUEZ (Defendant"). This Response and Opposition is based upon the files and records of this case.

//

//

**I**

## STATEMENT OF THE CASE

On June 24, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with attempted entry after deportation, in violation of Title 8, United States Code, Section 1326. Defendant was arraigned on the Indictment on June 24, 2008, and entered a not guilty plea.

**II**

## STATEMENT OF FACTS

### A.   INSTANT OFFENSE

On May 25, 2008, United States Border Patrol Agents George Ioannidis and Christopher Moore were conducting linewatch duties in the Imperial Beach Border Patrol Station area of responsibility, in an area known as the "sludge gates." The sludge gates are located on the primary border fence approximately two miles west of the San Ysidro, California Port of Entry. The sludge gates are operated by Veolia Environmental Services. Throughout the day, Agent Ioannidis and Agent Moore, witnessed an individual wearing a Chicago Cubs hat cross over the primary fence and approach an electrical fuse box that controls the opening and closing of the sludge gates. This same individual was observed climbing the fence and approaching the fuse box on several occasions. Each time Agent Ioannidis or Agent Moore approached the area of the fuse box, the individual would evade apprehension by climbing over the primary fence, back into Mexico.

At approximately 7:30 p.m., an employee of Veolia Environmental Services approached Border Patrol agents and identified the individual wearing the Chicago Cubs hat as having previously attempted to steal the copper wiring from inside the fuse box.

At approximately 9:15 p.m., Agent Moore observed the individual wearing the Chicago Cubs hat standing near the sludge gates fuse box. Agent Moore contacted Agent Ioannidis and reported his observations. Both agents responded to the area of the fuse box and apprehended Defendant, Alejandro Alfaro-Vasquez. Agents were able to identify Defendant as the individual whom they observed crossing into the United States earlier that same day.

//

Agent Ioannidis questioned Defendant as to his citizenship and Defendant stated that he was a citizen of Mexico without immigration documents that would allow him to enter or remain in the United States. Defendant was then transported to the Imperial Beach Border Patrol Station for processing.

At the Border Patrol Station, agents checked Department of Homeland Security databases which revealed that Defendant was previously deported, and that he had a significant criminal history.

### B.    POST-MIRANDA STATEMENT

At approximately 11:16 p.m., on May 25, 2008, Agent Emmanuel Blanco advised Defendant of his Miranda rights in the Spanish language. Defendant indicated that he understood his rights and agreed to answer questions. Defendant stated that he was a citizen of Mexico, that he does not have any documents that allow him to enter or reside in the United States, and that he has never applied for permission to enter the United States. Defendant also stated that he was traveling to Los Angeles, California.

### C.    DEFENDANT'S CRIMINAL HISTORY

On April 14, 1992, Defendant was convicted of obstructing/resisting a police officer in violation of Cal. Penal Code § 148, and he was sentenced to 10 days' jail, and 18 months' probation. On October 28, 1993, Defendant was convicted of possession of cocaine base for sale in violation of Cal. Health and Safety Code § 11351.5 and Defendant was sentenced to 12 months' custody and 36 months' probation. On December 22, 1997, Defendant was convicted of providing false identification to police officers in violation of Cal. Penal Code § 148.9 and sentenced to 15 days' jail and two years' probation. Defendant has 6 convictions for driving without a license in violation of Cal. Motor Vehicle Code § 14601.1(a) on the following dates: December 24, 2001; February 4, 2003; January 3, 2005; March 8, 2005; December 9, 2005; and November 20, 2006. On October 25, 2007, Defendant was convicted of selling/furnishing marijuana in violation of Cal. Health and Safety Code § 11360(a) and sentenced to 150 days' jail and 3 years' probation. On March 25, 2008, Defendant was convicted of corporal injury to spouse/cohabitant in violation of Cal. Penal Code § 273.5(a) and sentenced to 10 days' jail and 36 months' probation.

### D. **DEFENDANT'S IMMIGRATION HISTORY**

Defendant has been removed from the United States on at least 8 occasions. Defendant was most recently ordered removed from the United States by an immigration judge on April 17, 2003. Defendant was most recently physically removed from the United States on March 26, 2008.

## III

## DISCUSSION

### A. THE GOVERNMENT WILL COMPLY WITH ALL DISCOVERY OBLIGATIONS

The United States has and will continue to fully comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the Federal Rules of Criminal Procedure.[1] To date, the United States has produced 67 pages of discovery, and 1 cd to Defendant's counsel including investigative reports. As of today, the United States has received no reciprocal discovery. The Government anticipates that all discovery issues can be resolved amicably and informally, and requests that no order be entered compelling specific discovery in light of the Government's position below.

#### 1. **Defendant's Statements**

The United States recognizes its obligation under Federal Rules of Criminal Procedure ("Rules") 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant his written statements and the substance of Defendant's oral statements. The United States has produced all of Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this time. If the United States discovers additional oral or written statements that require disclosure under the relevant Rules, such statements will be promptly provided to Defendant.

#### 2. **Arrest Reports**

The United States does not object to this request and has already produced to Defendant all arrest reports known to the Government at this time.

//

---

[1]  Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

### 3. Prior Record

The United States has provided Defendant with a copy of his known prior criminal record under Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129, 130 (9th Cir. 1990). Should the United States determine that there are any additional documents pertaining to the Defendant's prior criminal record, those will be promptly provided to Defendant.

### 4. Evidence Seized

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

### 5. Tangible Objects

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The United States, however, need not produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

### 6. Preservation of Evidence

As stated above, the United States will preserve all evidence to which the Defendant is entitled pursuant to the relevant discovery rules.

### 7. Reports of Examinations and Tests

The United States will provide Defendant with any scientific tests or examinations in accordance with Rule 16(a)(1)(F).

//
//
//

**8.     Expert Witnesses**

The United States will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705.

**9.     Brady Material**

The United States has complied and will continue to comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

**10.    Giglio Material**

The United States has complied and will continue to comply with its discovery obligations under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

**11.    Henthorn Material**

The United States will comply with its obligations under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. <u>United States v. Booth</u>, 309 F.3d 566, 574 (9th Cir. 2002) (citing <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992)). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an <u>in camera</u> inspection and review.

**12.    Jencks Act Material**

The United States will comply with its discovery obligations under the Jencks Act, Title 18, United States Code, Section 3500, and as incorporated in Rule 26.2.

**13.    Cooperating Witnesses**

At this time, the United States is not aware of any confidential informants or cooperating witnesses involved in this case. The Government must generally disclose the identity of informants where: (1) the informant is a material witness, and (2) the informant's testimony is crucial to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957). If there is a confidential informant

involved in this case, the Court may, in some circumstances, be required to conduct an in camera inspection to determine whether disclosure of the informant's identity is required under Roviaro. See United States v. Ramirez-Rangel, 103 F.3d 1501, 1508 (9th Cir. 1997). If the United States determines that there is a confidential informant or cooperating witness involved in this case, the United States will either disclose the identity of the informant or submit the informant's identity to the Court for an in camera inspection.

### 14. 404(b) Material

The United States will disclose, in advance of trial, the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). The United States intends to introduce Defendant's prior attempt to enter the United States on November 14, 2005, as evidence of knowledge, lack of mistake and modus operandi under FRE 404(b). Further, the United States intends to introduce Defendant's statement made on that same occasion under FRE 404(b) as evidence of modus operandi. The United States has previously provided discovery of this incident.

### 15. Witnesses

The United States will provide a list of witnesses in its trial memorandum. The grand jury transcript of any person who will testify at trial will also be produced.

### 16. Alien File

The United States will continue to perform its duty under Brady and the discovery rules to disclose all material exculpatory information or evidence favorable to Defendant that is contained in the A-File. The documents in the A-File are not exculpatory. Most of the documents are highly incriminating in nature. The documents include numerous documents related to Defendant's immigration history and his criminal history. The documents establish that Defendant is an illegal alien with a felony criminal record who has been legally deported, removed from the United States, admonished of the criminal sanctions under 8 U.S.C. § 1326, and, despite the prior warnings, subsequently reentered the United States without applying for permission. The Government will provide all documents that fall within the scope of Rule 16.

### B. THE GOVERNMENT DOES NOT OBJECT TO DEFENDANT'S MOTION TO GRANT LEAVE TO FILE FURTHER MOTIONS PROVIDED THE MOTION IS BASED ON NEW INFORMATION

The Government does not object to the granting of leave to allow Defendant file further motions as long as the additional motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

## VI

## CONCLUSION

For the foregoing reasons, the United States requests that the Court deny Defendant's Motions, except where unopposed..

Dated: July 16, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

S/ A. Dale Blankenship
A. DALE BLANKENSHIP
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Dale.Blankenship@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR2103-JM |
|---|---|
| Plaintiff, | ) |
| | ) **CERTIFICATE OF SERVICE** |
| v. | ) |
| ALEJANDRO ALFARO-VASQUEZ, | ) |
| Defendant. | ) |

IT IS HEREBY CERTIFIED THAT:

I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:**

1. PRODUCE DISCOVERY; AND
2. GRANT LEAVE TO FILE FURTHER MOTIONS

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**David J. Zugman, Esq.**
**zugman@sbcglobal.net**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 16, 2008.

s/ A. Dale Blankenship
A. DALE BLANKENSHIP