KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant U.S. Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR2103-JM |
|---|---|---|
| Plaintiff, | ) | DATE: July 25, 2008 |
|  | ) | TIME: 11:00 a.m. |
|  | ) |  |
|  | ) | GOVERNMENT'S NOTICE OF MOTION |
| ALEJANDRO ALFARO-VASQUEZ, | ) | AND MOTION FOR RECIPROCAL |
|  | ) | DISCOVERY AND FINGERPRINT |
| Defendant. | ) | EXEMPLARS |
|  | ) |  |

## NOTICE OF MOTIONS

TO:   David J. Zugman, Esq, Counsel for defendant Alejandro Alfaro-Vasquez,

PLEASE TAKE NOTICE that on Friday, July 25, 2007, at 11:00 a.m., or as soon thereafter as counsel may be heard, plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, will move the court for an order granting the Government's Motion for Reciprocal Discovery and Fingerprint Exemplars.

//

//

//

//

//

## MOTIONS

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, will hereby move the court for an order granting the Government's motions for reciprocal discovery and fingerprint exemplars.

DATED:   July 16, 2008.

    Respectfully submitted,

    KAREN P. HEWITT
    United States Attorney


    s/ A. Dale Blankenship
    A. DALE BLANKENSHIP
    Assistant United States Attorney
    Attorneys for Plaintiff
    United States of America
    Email: Dale.Blankenship@usdoj.gov

KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant United States Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO ALFARO-VASQUEZ,<br><br>Defendant. | Criminal Case No. 08CR2103-JM<br><br>DATE: July 25, 2008<br>TIME: 11:00 a.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, and hereby files the attached statement of facts and memorandum of points and authorities in support of government's motion for reciprocal discovery and fingerprint exemplars.

//
//
//
//
//
//
//

**I**

**STATEMENT OF THE CASE**

On June 24, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with attempted entry after deportation, in violation of Title 8, United States Code, Section 1326. Defendant was arraigned on the Indictment on June 24, 2008, and entered a not guilty plea.

**II**

**STATEMENT OF FACTS**

**A.     INSTANT OFFENSE**

On May 25, 2008, United States Border Patrol Agents George Ioannidis and Christopher Moore were conducting linewatch duties in the Imperial Beach Border Patrol Station area of responsibility, in an area known as the "sludge gates." The sludge gates are located on the primary border fence approximately two miles west of the San Ysidro, California Port of Entry. The sludge gates are operated by Veolia Environmental Services. Throughout the day, Agent Ioannidis and Agent Moore, witnessed an individual wearing a Chicago Cubs hat cross over the primary fence and approach an electrical fuse box that controls the opening and closing of the sludge gates. This same individual was observed climbing the fence and approaching the fuse box on several occasions. Each time Agent Ioannidis or Agent Moore approached the area of the fuse box, the individual would evade apprehension by climbing over the primary fence, back into Mexico.

At approximately 7:30 p.m., an employee of Veolia Environmental Services approached Border Patrol agents and identified the individual wearing the Chicago Cubs hat as having previously attempted to steal the copper wiring from inside the fuse box.

At approximately 9:15 p.m., Agent Moore observed the individual wearing the Chicago Cubs hat standing near the sludge gates fuse box. Agent Moore contacted Agent Ioannidis and reported his observations. Both agents responded to the area of the fuse box and apprehended Defendant, Alejandro Alfaro-Vasquez. Agents were able to identify Defendant as the individual whom they observed crossing into the United States earlier that same day.

//

1   Agent Ioannidis questioned Defendant as to his citizenship and Defendant stated that he was a
2   citizen of Mexico without immigration documents that would allow him to enter or remain in the United
3   States. Defendant was then transported to the Imperial Beach Border Patrol Station for processing.
4   At the Border Patrol Station, agents checked Department of Homeland Security databases which
5   revealed that Defendant was previously deported, and that he had a significant criminal history.

**B.     POST-MIRANDA STATEMENT**

At approximately 11:16 p.m., on May 25, 2008, Agent Emmanuel Blanco advised Defendant of his Miranda rights in the Spanish language. Defendant indicated that he understood his rights and agreed to answer questions. Defendant stated that he was a citizen of Mexico, that he does not have any documents that allow him to enter or reside in the United States, and that he has never applied for permission to enter the United States. Defendant also stated that he was traveling to Los Angeles, California.

**C.     DEFENDANT'S CRIMINAL HISTORY**

On April 14, 1992, Defendant was convicted of obstructing/resisting a police officer in violation of Cal. Penal Code § 148, and he was sentenced to 10 days' jail, and 18 months' probation. On October 28, 1993, Defendant was convicted of possession of cocaine base for sale in violation of Cal. Health and Safety Code § 11351.5 and Defendant was sentenced to 12 months' custody and 36 months' probation. On December 22, 1997, Defendant was convicted of providing false identification to police officers in violation of Cal. Penal Code § 148.9 and sentenced to 15 days' jail and two years' probation. Defendant has 6 convictions for driving without a license in violation of Cal. Motor Vehicle Code § 14601.1(a) on the following dates: December 24, 2001; February 4, 2003; January 3, 2005; March 8, 2005; December 9, 2005; and November 20, 2006. On October 25, 2007, Defendant was convicted of selling/furnishing marijuana in violation of Cal. Health and Safety Code § 11360(a) and sentenced to 150 days' jail and 3 years' probation. On March 25, 2008, Defendant was convicted of corporal injury to spouse/cohabitant in violation of Cal. Penal Code § 273.5(a) and sentenced to 10 days' jail and 36 months' probation.

//

//

### D. **DEFENDANT'S IMMIGRATION HISTORY**

Defendant has been removed from the United States on at least 8 occasions. Defendant was most recently ordered removed from the United States by an immigration judge on April 17, 2003. Defendant was most recently physically removed from the United States on March 26, 2008.

### III

### **GOVERNMENT'S MOTIONS**

### A. **UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY**

The Government has voluntarily complied and continues to comply with the requirements of Rule 16(a). To date, the Government has provided 67 pages of discovery, and 1 cd to Defendant. The United States, pursuant to Rule 16(b), hereby requests defendant to permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which she intends to introduce as evidence in her case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of defendant, which she intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom defendant intends to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except the defendant. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

//

//

1
2
### B. THE UNITED STATES'S MOTION FOR FINGERPRINT EXEMPLARS SHOULD BE GRANTED

Part of the United States' burden of proof in this case is to satisfy the jury that the Defendant is the same individual who was deported from the United States to Mexico. To make that showing, the United States will call an expert in fingerprint identification to testify that the Defendant is in fact the individual whose fingerprints appear on the warrant of deportation. The most efficient and conclusive manner of establishing this information is to permit the expert witness himself to take a set of Defendant's fingerprints for comparison.

Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. See United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968). The United States therefore respectfully requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert.

### IV

### CONCLUSION

For the foregoing reason, the Government respectfully requests that its motions for reciprocal discovery and fingerprint exemplars be granted.

DATED: July 16, 2008.

    Respectfully Submitted,

    KAREN P. HEWITT
    United States Attorney


    S/ A. Dale Blankenship
    A. DALE BLANKENSHIP
    Assistant United States Attorney
    Attorneys for Plaintiff
    United States of America
    Email: Dale.Blankenship@usdoj.gov

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR2103-JM |
| Plaintiff, | ) |
| v. | ) **CERTIFICATE OF SERVICE** |
| ALEJANDRO ALFARO-VASQUEZ, | ) |
| Defendant. | ) |

IT IS HEREBY CERTIFIED THAT:

I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY and FINGERPRINT EXEMPLARS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**David J. Zugman, Esq.**
**zugman@sbcglobal.net**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 16, 2008.

s/ A. Dale Blankenship
A. DALE BLANKENSHIP